The evidence that defendant was summoned was a subpoena, perfect in all its parts, and regular, save that the year in which it issued was *Page 8 
not named; it being tested "the 7th day of April in the XLV year of our Independence, Anno Dom. 182 — ." This subpoena was returned by the sheriff "Executed."
The only objection taken to this subpoena is the omission of the date of the year of our Lord, or, rather, the omission of the unit figure; but as the forty-fifth year of the independence is inserted, there can be no difficulty in ascertaining the other period. In England the year of the king's reign forms a part of the date, to which the year of our Lord is regularly and usually added; but if the latter were omitted, the year of the reign, being a matter of so much notoriety, is considered sufficient always to supply the omission. The Court will always notice what is the year of our Lord, from a statement of the year of the reign; for where a deed was declared upon as bearing date 26 August, 13 Will. III., and upon oyer the date actually in the deed was (20) 26 August, 1701, it was held to be no variance, and it must so be understood from the first date. 2 Ld. Raym., 795. The era of our independence is a more certain rule for the computation of time than the year a king begins his reign, as being more familiarly known to the mass of citizens.
And as the year of our Lord may be ascertained by the year of the reign, so where the latter is omitted it is sufficient even in an indictment, if the time be ascertained by other means. Kelyng, 10, 11. Upon the whole, it cannot be doubted that this is sufficient evidence of the party being subpoenaed.
PER CURIAM. Affirmed.
Cited: Cherry v. Woolard, 23 N.C. 440; Freeman v. Lewis, 27 N.C. 96;Merrill v. Barnard, 61 N.C. 570.